UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-61562 RKA

GARNETTE VASSOR

Plaintiff

v.

HARKHAM SHIPPING, LLC
GABRIEL HARKHAM
JOSEPH WOLANSKI

Defendants
_____/

## ANSWER AND AFFIRMATIVE DEFENSES
## OF HARKHAM SHIPPING AND JOSEPH WOLANSKI

Defendants, Harkham Shipping, LLC and Joseph Wolanski ("Harkham") hereby respond to the Complaint in this matter as follows:

1. Harkham denies the allegations of this paragraph and demands strict proof thereof.

2. Admitted.

3. Harkham denies the allegations of this paragraph and demands strict proof thereof.

4. Harkham denies the allegations of this paragraph and demands strict proof thereof.

5. Harkham denies the allegations of this paragraph and demands strict proof thereof.

6. Harkham denies the allegations of this paragraph and demands strict proof

thereof.

      7.      Harkham denies the allegations of this paragraph and demands strict proof thereof.

      8.      Harkham denies the allegations of this paragraph and demands strict proof thereof.

      9.      Harkham denies the allegations of this paragraph and demands strict proof thereof.

      10.      Harkham denies the allegations of this paragraph and demands strict proof thereof.

      11.      Harkham denies the allegations of this paragraph and demands strict proof thereof.

      12.      Harkham denies the allegations of this paragraph and demands strict proof thereof.

      13.      Harkham denies the allegations of this paragraph and demands strict proof thereof.

      14.      Harkham denies the allegations of this paragraph and demands strict proof thereof.

**Count I**
**Violation of FLSA**

      15.      Harkham denies the allegations of this paragraph and demands strict proof thereof.

      16.      Harkham denies the allegations of this paragraph and demands strict proof thereof.

17. Harkham denies the allegations of this paragraph and demands strict proof thereof.

### Affirmative Defenses

1. One or more of the named Defendants were not employers of the Plaintiff.

2. There is no coverage under the FLSA as this company is not covered by enterprise coverage and the employee is not covered by individual coverage.

3. During some of the relevant times, Plaintiff was not employed by any of the Defendants.

4. Plaintiff's claims are barred in whole or in part based upon accord and satisfaction and/or payment.

5. Plaintiffs claims are barred in whole or in part based upon waiver, estoppel and the doctrine of avoidable consequences in that Plaintiff misrepresented, fabricated, falsified or concealed the true hours worked by her.

6. Plaintiff's claims are barred in whole or in part, based upon Section 4 of the Portal to Portal Act as to all hours in which she engaged which were preliminary or postliminary to her principal duties.

7. Plaintiff's claims are barred in whole or in part based upon the doctrine of the laws pertaining to the fluctuating work week.

8. Plaintiff has not willfully failed to pay any wages or overtime to the Plaintiff and there is a good faith dispute with respect to any amounts that might be owed to her.

9. Plaintiff's claims are barred based upon waiver, estoppel, laches and/or unclean hands.

10. Defendant at all times acted in good faith to comply with the FLSA and with

reasonable grounds to believe that Defendant's actions did not violate the FLSA, and Defendant asserts that a lack of willfulness or intent to violate the FLSA as defense to any claim by Plaintiff for liquidated damages.

11.     The Amended Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted, because Plaintiff was paid for all work performed and has already received all the compensation, including benefits, to which she was due or owed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-mailed this 26 day of August 2020: Elliot Kozolychyk, Esq., 320 SE 9th Street, Fort Lauderdale, FL 33316.

Behren Law Firm
1930 N. Commerce Parkway-Suite 4
Weston, FL 33326
(954) 636-3802 - phone
(772) 252-3365 - fax
scott@behrenlaw.com

By:/Scott M. Behren/
    Scott M. Behren
    Fla Bar No. 987786